

200 Vesey Street, 20th Floor
New York, NY 10281
Telephone: 212-415-8600
Fax: 212-303-2754
www.lockelord.com
Allen C. Wasserman
Direct Telephone: 212-812-8306
Direct Fax: 212-812-8366
awasserman@lockelord.com

April 27, 2016

**VIA ECF**

Hon. Vernon S. Broderick
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

      Re:    *Take-Two Interactive Software, Inc., et al. v. Benzies*,
              Case No. 16-cv-2699 (VSB)

Dear Judge Broderick:

      We represent defendant Leslie Benzies ("Mr. Benzies") in the above referenced case (the "Take-Two Action"). We write pursuant to this Court's Individual Rules and Practices to advise the Court of Mr. Benzies' intent to file a motion to dismiss the Complaint in this action, or, in the alternative, for a stay.

      In his motion to dismiss, Mr. Benzies will ask this Court to abstain from exercising jurisdiction over the Take-Two Action in favor of Mr. Benzies' own suit, captioned *Leslie Benzies v. Take-Two Interactive Software, Inc. et al.*, Case No. 16-cv-2736 (VSB) (the "State Action").[1] The State Action was commenced on April 11, 2016, within five minutes of the Take-Two Action. The defendants in that case removed the action to this Court alleging diversity jurisdiction. However, as set forth more fully in Mr. Benzies' motion for remand, this Court does not have original jurisdiction over the State Action as there are non-diverse parties. [Dkt Nos. 6-7.] Should this Court grant Mr. Benzies' motion, as we anticipate it will, the State Action will be returned to New York state court.

      Abstention from exercising jurisdiction over the Take-Two Action in favor of the State Action is appropriate under both the *Brillhart/Wilton* and the *Colorado River* abstention doctrines. The *Brillhart/Wilton* doctrine empowers this Court with a "unique and substantial discretion" to dismiss or stay the Take-Two Action in the interest of justice. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) (citing *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491

---

[1] On behalf of Mr. Benzies, we previously provided an overview of the competing litigations in our April 22, 2016 letter to the Court submitted in the State Action. [Dkt No. 16.] Capitalized terms that are undefined in this letter shall be defined as set forth in the April 22, 2016 letter.

Atlanta | Austin | Boston | Chicago | Dallas | Hartford | Hong Kong | Houston | Istanbul | London | Los Angeles | Miami | Morristown | New Orleans
New York | Orange County | Providence | Sacramento | San Francisco | Stamford | Tokyo | Washington DC | West Palm Beach

Hon. Vernon S. Broderick
April 27, 2016
Page 2

(1942); *see also* 28 U.S.C.A. § 2201 ("[A district court] *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." (emphasis added)). Indeed, this Court may consider and decline jurisdiction in a declaratory judgment action *sua sponte*. *DDR Const. Services, Inc. v. Siemens Industry*, 770 F. Supp. 2d 627, 655 (S.D.N.Y. 2011).

The Take-Two Action is a text book case for application of the *Brillhart/ Wilton* abstention doctrine because it is a declaratory judgment action which would be resolved completely in the State Action. Conversely, resolution of the Take-Two Action would not completely resolve the State Action because the State Action includes numerous additional claims as well as three additional parties who would destroy diversity jurisdiction if joined in the Take-Two Action.[2] The disputes between and among the parties involve claims of fraud, breach of fiduciary duty, defamation, and breaches of various agreements beyond the 2009 Royalty Plan. The Take-Two Action, however, would resolve only a single breach of contract claim under the 2009 Royalty Plan, leaving the remaining disputes to be resolved in the State Action. The State Action is the only vehicle that can provide the parties with full and complete closure with respect to each and every issue and dispute among them. In contrast, a judgment in the Take-Two Action, even one in favor of Take-Two and Rockstar, will not resolve all of the disputes in the State Action, such as: Mr. Benzies' claims against Rockstar North; Mr. Benzies' claims against the Housers; the claims related to Mr. Benzies' employment agreement; or the fiduciary duty and fraud claims in the State Action. Given these factors, abstention is appropriate under *Wilton v. Seven Falls Co.*

Though abstention under the *Brillhart/Wilton* abstention doctrine is most appropriate in light of the declaratory nature of the Take-Two Parties' complaint, abstention would also be appropriate under the *Colorado River* abstention doctrine. *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800 (1976). The claims in the Take-Two Action are intimately tied to those asserted in the State Action. All of the claims concern disputes arising from, and related to, Mr. Benzies' employment with Rockstar North. The Take-Two Action is merely a spin-off of a single dispute contained in the State Action. The claims asserted in the Take-Two Action are subsumed in the State Action. Accordingly, the cases are substantially similar for purposes of the *Colorado River* doctrine. The remaining factors courts consider in applying this doctrine mitigate in favor of this Court's abstention from the Take-Two Action, including that: the Federal forum cannot provide complete relief; piecemeal litigation will result from the State Action being stayed in favor of the Take-Two Action; state law largely governs this dispute; and judicial economy will be best served by abstention as to the Take-Two Action.

If this Court will not abstain from taking jurisdiction over the Take-Two Action, it should, at minimum, stay the Take-Two Action. As is evident from the parties' letters recently submitted in the State Action [Dkt. Nos. 5, 16] both the Take-Two Parties and Mr. Benzies agree that one of the two actions should be stayed. While the parties do not agree on which case should be stayed, logic and law mandate that the more complete litigation, with all relevant claims,

---

[2]  While the Take-Two Action does include an incidental breach of contract claim, this claim does nothing more than seek damages that are entirely derivative of the declaratory judgment claim—relief they would be able to seek under the Declaratory Judgment Act itself without the necessity of a separate cause of action. See, *e.g., Fred Ahlert Music Corp. v. Warner/Chappell Music, Inc.*, 155 F.3d 17, 25 (2nd Cir. 1998) (holding that damages may be amended pursuant to the Declaratory Judgment Act itself).

Hon. Vernon S. Broderick
April 27, 2016
Page 3

addressing all relevant agreements and naming all relevant parties should be the case to proceed. The Take-Two Parties should not be allowed to cherry-pick out the claims they prefer, cast aside parties essential to the case and proceed with their "custom made" litigation that is the Take-Two Action. If permitted to do so, the result could well be inconsistent judgments and judicial inefficiency.

      Moreover, if this Court does not abstain, a dismissal or stay of the Take-Two Action may ultimately be the only option available to this Court in the absence of subject matter jurisdiction over the State Action. If Mr. Benzies' motion to remand is granted, then this Court would no longer be in a position to stay the State Action. It could, however, address the concerns of judicial economy and inconsistent verdicts voiced by the Take-Two Parties by abstaining from exercising jurisdiction over, and/or staying the Take-Two Action.

      The State Action should proceed in state court, where it was properly commenced. It is a direct damages case with non-diverse parties. Intentional or not, the Take-Two Parties are in the process of creating a procedural morass with their combination of a declaratory judgment counter-suit and removal of a case that included non-diverse parties. Judicial efficiency and equity are best served by allowing the State Action to proceed with dismissal, or, at minimum, a stay of the Take-Two Action.

                            Respectfully submitted,

                              _____
                              Allen C. Wasserman (AW 4771)
                              Locke Lord LLP
                              200 Vesey Street, 20th Floor
                              New York, New York  10281
                              (212) 415-8600
                              *Attorneys for Leslie Benzies*

Of Counsel:

Christopher J. Bakes (CB 1417)
Casey B. Howard (CH 4633)