UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
TAKE-TWO INTERACTIVE SOFTWARE,                              :
INC., ROCKSTAR GAMES, INC.                                  :
                                                            :
                              Plaintiffs,                   :        16-CV-2699 (VSB)
                                                            :
              -v-                                           :        **MEMORANDUM AND OPINION**
                                                            :
LESLIE BENZIES,                                             :
                                                            :
                              Defendant.                    :
------------------------------------------------------------X

Appearances:

Andrew J. Levander
Neil A. Steiner
Nicolle L. Jacoby
Dechert LLP
New York, New York
*Counsel for Plaintiff Rockstar Games, Inc.*

Joel Avi Hankin
Jeffrey S. Jacobson
Michael Charles Lynch
Kelley Drye & Warren, LLP
New York, New York
*Counsel for Plaintiff Take-Two Interactive
Software, Inc.*

Chrsitopher J. Bakes
Casey Brian Howard
Allen Craig Wasserman
Locke Lord Bissel & Liddell LLP
New York, New York
*Counsel for Defendant Leslie Benzies*

VERNON S. BRODERICK, United States District Judge:

       Before me is the motion of Defendant Leslie Benzies ("Benzies") to abstain from

exercising jurisdiction and/or for a stay of proceedings pursuant to the *Brillhart*/*Wilton* and

*Colorado River* abstention doctrines. (Doc. 39.)[1] I decline to abstain; however, because I find that this action should be stayed in favor of the state court action, Defendant's motion is GRANTED in part and DENIED in part.

## I. Procedural History and Factual Background

I assume the parties' familiarity with this case and refer the parties to my September 14, 2016, Memorandum and Order remanding the related case *Benzies v. Take-Two Interactive Software, Inc.*, No. 16-CV-2736 (VSB) (Dkt. No. 46) ("State Action"), for a recitation of the relevant factual background and procedural history.

Following remand of the State Action, defendants moved to dismiss the complaint and the Honorable Barry Ostrager, the presiding judge in the State Action, granted in part and denied in part the motion on December 19, 2016. *Benzies v. Take-Two Interactive Software, Inc.*, No. 651920/2016, Dkt. No. 53 (N.Y. Sup. Ct.). While the parties' cross-appeals were pending, Benzies filed an amended complaint which mooted the appeal. *Id.* at Dkt. No. 116. Defendants moved to dismiss Benzies' amended complaint, and Judge Ostrager granted in part and denied in part the motion on June 15, 2017. *Id.* at Dkt. No. 122. Discovery in the State Action is proceeding and is currently scheduled to conclude on October 17, 2018. *Id.* at Dkt. No. 121.

## II. Discussion

Benzies argues that I should abstain from hearing this action and dismiss or stay it in deference to the pending and more advanced State Action. Plaintiffs argue that neither of the abstention doctrines stated in *Colorado River* nor *Brillhart/Wilton* cases support abstention in this case and, as the first-filed case, this action should proceed. In addition, Plaintiffs do not oppose litigating this action "simultaneously with Benzies' state court action" and assert that

---

[1] The parties have fully briefed the motion. (*See* Docs. 39-46.)

Benzies would not suffer any prejudice in litigating the cases simultaneously. (Pls.' Opp. 1.)

District courts have discretion to decide whether or not to hear a declaratory judgment action. 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction . . . any court of the United States, upon filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is or could be sought . . . .") (emphasis added). A district court is authorized, "in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment" where there is a parallel state court proceeding. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

Several factors counsel in favor of staying this action in deference to the State Action. First, proceeding with the State Action appears to be more efficient because Judge Ostrager is familiar with the case and it is at a more advanced stage than this action. Second, adjudicating the State Action to conclusion may afford the parties more complete relief because the claims asserted here are only a subset of the claims asserted in the State Action. Third, more of the relevant parties are joined in the State Action: Rockstar North is not a party here because adding Rockstar North as a party would destroy this court's diversity jurisdiction; however Rockstar North has been joined in the State Action. Fourth, federalism concerns support staying: the laws of New York govern and "a federal district court should, in the exercise of discretion, decline to exercise jurisdiction over a diversity action raising issues of state law when those same issues are being presented contemporaneously to state courts." *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 126 (1968). Fifth, litigating this action and the State Action simultaneously would be an inefficient use of the courts' and parties' resources. Moreover, the parties agreed—at least at certain points in the past—that both cases should not be litigated

simultaneously. (*See* Howard Decl. Ex. B, May 13, 2016 Hr'g Tr. 8:16-9:23).[2]

Plaintiffs claim other considerations support denying Benzies' motion but I find these arguments unpersuasive. First, Plaintiffs emphasize that the first-filed rule supports litigating this action instead of the State Action. In light of the fact that this action was filed mere minutes prior to the State Action,[3] I discount the importance of this action's status as first-filed. *See Adirondack Transit Lines, Inc. v. Greyhound Lines, Inc.*, No. 15-CV-1227 (LEK/CFH), 2016 WL 5415772, at *3 (N.D.N.Y. Sept. 28, 2016) (noting that courts in this circuit accord first-filed rule less weight where suits were filed days apart); *Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1153 (S.D.N.Y. 1995) (holding the first-filed rule was "inapplicable" "because the lawsuits were both filed on the *same* day"). Second, Plaintiffs claim, without offering any analysis in support, that they could obtain relief here relatively more expeditiously than in the State Action. This assertion is without merit in light of the rapidity with which Judge Ostrager has decided the motions submitted to him.

Accordingly, all proceedings in this action are stayed. *See Wilton*, 515 U.S. at 288 n. 2 (noting that "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in

---

[2] In addition, contrary to the position currently being asserted, counsel for the Rockstar parties has repeatedly stated, both before me and before Judge Ostrager, that the two cases should not be litigated simultaneously. (*See, e.g*, Wasserman Decl., Ex. A, Dec. 14, 2016 Hr'g Tr. at 4:12-18 ("And let me be clear from the outset, Your Honor, that we would be comfortable litigating this case here or litigating the case before Judge Broderick, but, what shouldn't happen, I think, is that the case be litigated in both places since the cases are essentially overlapping.), 5:12-14 (But, as I said, we're comfortable litigating either place, we just don't want to litigate in both, that makes no sense."); Howard Decl. Ex. B, May 13, 2016 Hr'g Tr. 9:15-19 ("[Judge Broderick]: Do you agree that regardless, one of the cases should be stayed? . . . [Counsel for Rockstar parties]: Yes.").

[3] The details related to the timing of these filings is contained in the procedural history in my Memorandum & Order granting remand of the State Action. (*Take-Two Interactive Software, Inc. v. Benzies*, No. 16-CV-2736 (VSB), Dkt. No. 46 at 9 (S.D.N.Y.).) I also note, that both parties admit or at least concede that there was a race to the courthouse to file their respective actions. (*Id*.)

4

controversy").

### III. Conclusion

For the reasons stated herein, Defendant's motion to abstain from exercising jurisdiction and/or for a stay of all proceedings, (Doc. 39), is GRANTED in part and DENIED in part, and this action is stayed until further court order. Following the conclusion of the State Action, the parties are directed to submit a joint letter addressing whether or not the State Action resolved the claims asserted herein, and whether or not further litigation here is necessary.

The Clerk's Office is respectfully directed to terminate the motion at Doc. 39.

SO ORDERED.

Dated: June 22, 2017
     New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge